```
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
LIZA LORING MAZZA,                                          :
:
                         Plaintiff,             :
:    20-CV-10062 (VSB)
        - against -                              :
:    **OPINION & ORDER**
:
COMMISSIONER OF SOCIAL SECURITY,   :
:
                         Defendant.   :
:
-----------------------------------------------------------X

Appearances:

Daniel Adam Osborn
Osborn Law P.C.
New York, NY
*Counsel for Plaintiff*

Judith Shoshanah Cohen
Social Security Administration
New York, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

       On December 1, 2020, Plaintiff Lisa Loring Mazza ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of Social Security ("Defendant" or "Commissioner") denying her application for disability insurance benefits under sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. § 405(g), 1383(c)(3).  (Doc. 1.)  On December 3, 2020, I referred this case to Magistrate Judge Kevin Nathaniel Fox.  (Doc. 7.)

       On November 16, 2021, Plaintiff filed a motion for judgment on the pleadings.  (Doc. 20.)  On January 14, 2022, Defendant also filed a motion for judgment on the pleadings.  (Doc. 22.)  On February 1, 2022, this action was reassigned to Magistrate Judge Jennifer E. Willis.  On

April 22, 2022, Judge Willis issued a thorough 14-page Report and Recommendation finding that because "the [Administrative Law Judge ("ALJ")] failed to account for Plaintiff's non-severe mental impairments, and, consequently, the combined effect of her physical and mental impairments," "the ALJ's [residual functional capacity ("RFC")] analysis is not supported by substantial evidence, warranting remand." (Doc. 25, at 12, 13.)  Judge Willis therefore recommends that I grant Plaintiff's motion and deny Defendant's motion.  (*Id.* at 14.)

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Although the Report and Recommendation explicitly provided that "the parties shall have fourteen (14) days from receipt of this Report to file written objections" and "FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW," (Doc. 25, at 15), neither party filed an objection or requested additional time to file an objection.  I have reviewed Judge Willis's thorough and well-reasoned Report and Recommendation for clear error and, after careful review, find none.  I therefore adopt the Report and Recommendation in its entirety and remand this case pursuant to sentence four of Section 405(g).

The Clerk's Office is respectfully directed to terminate any open motions, to enter judgment remanding this case to the Commissioner of Social Security, and to close this case.

SO ORDERED.

Dated: May 9, 2022
      New York, New York

                                                  Vernon S. Broderick
                                                  United States District Judge